UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MOHAN A. HARIHAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-11109-DJC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                     August 11, 2017

For the reasons set forth below, the Court denies without prejudice Plaintiff's motions for permission to file on ECF, to appoint counsel and to proceed *in forma pauperis*. If Plaintiff wishes to proceed with this action, he shall, within twenty-one (21) days from the date of this Order, file (1) a renewed motion for leave to proceed *in forma pauperis*; and (2) show cause, in writing, why his complaint should not be dismissed for the reasons stated below.

### BACKGROUND

Plaintiff Mohan A. Harihar instituted this action on June 14, 2017, by filing a *pro se* complaint naming the United States of America as the Defendant. D. 1. The instant action was originally assigned as related to Harihar v. US Bank NA, et al., C.A. No. 15-11880-ADB (Mar. 31, 2017 order granting defendants' motions to dismiss), appeal filed No. 17-1381. The case was subsequently redrawn to the undersigned upon entry of an order of recusal. D. 7, 8.

Plaintiff's grievances stem from the alleged unlawful conduct associated with the foreclosure sale of his home in 2010, which was the subject of litigation in a related 2015 action.

With respect to subject-matter jurisdiction, Plaintiff invokes the Court's federal question jurisdiction and asserts a dozen claims beginning with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.[1] In addition to the FTCA claim, Plaintiff asserts the following eleven claims: (1) judicial fraud on the Court; (2) failure to acknowledge evidenced acts of treason to the Constitution; (3) economic espionage; (4) conspiracy claims; (5) obstruction justice pursuant to 18 U.S.C. Chapter 73; (6) Due Process Violations; (7) color of law violations; (8) civil/criminal RICO violations; (9) misprison (of treason, and of a felony); (10) failure to acknowledge evidenced Securities Fraud; and (11) judicial misconduct.

Plaintiff's complaint is titled "Complaint and Request for Injunction." The relief section of the Complaint [V. (Relief)], references the SF-95 administrative claim form in requesting damages as well as "alignment with Federal/Special Prosecutors to address criminal and professional accountability of responsible parties." Plaintiff alleges that

> [his] Claims originally stem from damages suffered from the US Foreclosure Crisis, and the Plaintiff's Illegal Foreclosure – as identified by the Department of Justice (DOJ) and the Commonwealth of Massachusetts. Claims also pertain to the Intellectual Property Rights belonging solely to the Plaintiff, and the Economic framework designed to deliver substantial economic repair and growth to the United States. Due to the severity of these claims and out of fear for personal safety and security, these evidenced claims have been necessarily brought to the attention of: The President of the United States, US Attorney General – Jeff Sessions, US Inspector General – Michael Horowitz, The House Judiciary Committee, The Judicial Council of the First Circuit, and the Federal Bureau of Investigation (FBI). These evidenced claims have also been brought to the attention of the public.

D. 1 ¶ III (C).

Simultaneous with the filing of his complaint, Plaintiff filed motions for permission to file on ECF, to appoint counsel and to proceed *in forma pauperis*. D. 2; D. 3; D. 4.

---

[1] Plaintiff alleges that he filed an administrative claim on Standard Form SF-95 and attaches a copy to the complaint.

## PROCEEDINGS IN FORMA PAUPERIS

Litigants seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all plaintiff's assets. See 28 U.S.C. § 1915(a)(1). This "affidavit" requirement is satisfied as long as it contains the phrase "under penalty of perjury" and states that the document is true. See 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury); see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Here, Plaintiff drafted his own IFP motion and attached an unsigned copy of the IFP motion that he had filed in the 2015 action. In the instant motion, he states that his financial status remains unchanged. However, Plaintiff failed to submit an affidavit and his motion is not a suitable substitute. Plaintiff's motion is not signed under the penalties of perjury and does not meet the statutory requirement. He will be provided an opportunity to refile and may wish to use the preprinted "application to proceed in district court without prepaying fees or costs."

## DISCUSSION

A district court lacks subject matter jurisdiction over claims against the United States unless the United States has waived its sovereign immunity and consented to suit. United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988); Fed. Housing Admin. v. Burr, 309 U.S. 242, 244 (1940)).

For Plaintiff's claims to be actionable, the claims must be claims for which the United States has waived sovereign immunity. Although the complaint alleges a variety of claims, none appear to be ones for which sovereign immunity has been waived.

The FTCA "expressly waives the government's sovereign immunity, permitting individuals to sue the government 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Skwira v. United States, 344 F.3d 64, 73 (1st Cir. 2003) (quoting 28 U.S.C. § 1346(b)). However, filing a lawsuit before exhaustion bars the claim for jurisdictional purposes. McNeil v. United States, 508 U.S. 106, 112 (1993). *Pro se* plaintiffs are not immune from the FTCA's exhaustion requirements. Id. at 113.

Plaintiff alleges that he filed an administrative complaint on September 13, 2016. However, he fails to state whether he has received a final administrative decision. The fact that a plaintiff intends to exhaust his administrative remedies does not give the court jurisdiction over his FTCA claims where none existed at the time the action was filed. See McNeil, 508 U.S. at 111-12 (noting that "[t]he most natural reading of the [FTCA] statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. . . ."); Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36-38 (1st Cir. 2006) (where plaintiff exhausted administrative remedies after filing action in court but before defendants were served, court was without jurisdiction over the FTCA claim; § 2675(a) provides that an FTCA action may not be "instituted" unless the claimant first presents the claim to the appropriate federal agency, and the claim is finally denied).

Thus, Plaintiff's FTCA claim is subject to dismissal.

As to the remaining claims, to the extent the complaint names the United States as the defendant, it appears that Plaintiff is attempting to bypass judicial immunity by naming the federal government as the defendant rather than the judge that presided over his 2015 case. The doctrine of judicial immunity extends to protect judges "from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547 (1967). If a complaint seeks to hold a judge liable for judicial acts, it must be true either (1) that the judge was not functioning in a judicial capacity, or (2) the judge has acted in the "clear absence of all jurisdiction." Dennis v. Sparks, 449 U.S. 24, 27 (1980); Stump v. Sparkman, 435 U.S. 349, 357 (1978). A judge has functioned in a judicial capacity when she has performed a "'function normally performed by a judge.'" Mireles v. Waco, 502 U.S. 9, 12 (1991), quoting Stump, 435 U.S. at 362.

Here, Plaintiff's complaint (and his administrative claim) reflect that he seeks to hold the United States liable for alleged judicial misconduct by the judge in a related matter. Plaintiff alleges that he filed a judicial misconduct complaint as well as a direct appeal to the United States Court of Appeals for the First Circuit. Thus, there is no tort liability that can be premised on a judge's rulings in a case over which the judge had jurisdiction.

To the extent the complaint alleges due process and "color of law" violations, Plaintiff has not alleged any facts concerning the alleged violation of his constitutional rights. In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action against federal officials for violations of the federal constitution. However, Bivens only authorizes suits against federal officers in their individual capacities, because the doctrine of sovereign immunity bars suits against the federal government, its agencies, and federal agents acting in their official capacities. See Bivens, 403

U.S. at 389; Tapia–Tapia v. Potter, 322 F.3d 742, 746 (1st Cir. 2003) (holding that no Bivens remedy is available against the United States, federal agencies, or federal officers in their official capacities).

To the extent the complaint alleges jurisdiction pursuant to criminal statutes for racketeering and obstruction of justice, generally violations of the United States Criminal Code may not serve as the basis for a civil cause of action unless the criminal statute includes an express or implied private right of action. See Cort v. Ash, 422 U.S. 66, 79 (1975) (no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference).

Finally, as to the remaining claims, the Court finds no basis on which to conclude that the allegations give rise to any viable legal claim against the United States. Accordingly, the Court denies Plaintiff's motion for counsel, D. 3, without prejudice at this time.

## CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1) The motion for leave to proceed *in forma pauperis*, D. 4, is DENIED without prejudice;

2) If Plaintiff wishes to proceed with this action, he shall, within twenty-one (21) days from the date of this Memorandum and Order, file (1) a renewed motion for leave to proceed in forma pauperis; and (2) show cause, in writing, why his complaint should not be dismissed for the reasons stated above. Failure to comply with this Memorandum and Order will subject this action to dismissal;

3) The motion for appointment of counsel, D. 3, is DENIED without prejudice;

4) The motion for permission to file on ECF, D. 2, is DENIED without prejudice; and

5) The Clerk is directed to send Plaintiff an Application to Proceed in District Court Without Prepayment of Fees or Costs.

**SO ORDERED.**

                                         /s/ Denise J. Casper
                                         Denise J. Casper
                                         United States District Judge